IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND K. HEDGESPETH, JR.,

               Petitioner,                             ORDER

     v.                                                  09-cv-246-slc

BYRON BARTOW and
STEVE WATTERS,

               Respondents.

---

     Petitioner Raymond K. Hedgespeth, a patient at the Wisconsin Resource Center, has filed a proposed complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. In addition, he has submitted a petition and affidavit to proceed without prepayment of fees and costs.

     This court uses one method for determining the indigent status of all institutionalized persons, even those like petitioner who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the petitioner's complaint, the court calculates two amounts, 20% of the petitioner's average monthly income and 20% of the petitioner's average monthly balance. Whichever amount is greater is the amount the petitioner will have to prepay toward the $350 filing fee. He will qualify for

1

indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to waive entirely a petitioner's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

In his affidavit, petitioner states that he is employed by the Wisconsin Resource Center and that he receives wages in the amount of $50 per month. Petitioner has not provided a copy of his six-month resident account statement showing these transactions. He will have to do so if he intends to pursue his request for leave to proceed *in forma pauperis.* Because petitioner's complaint was submitted on April 20, 2009, his resident account statement should cover the period beginning approximately October 20, 2008 and ending approximately April 20, 2009. If petitioner fails to submit the required statement within the deadline set below, I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that petitioner may have until May 13, 2009, in which to submit a certified copy of his resident account statement beginning approximately October 20, 2008 and ending approximately April 20, 2009. If, by May 13, 2009, petitioner fails to submit the required statement or show cause of his failure to do so, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without

prejudice to petitioner's filing his case at a later date.

Entered this 23rd day of April, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge