IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND K. HEDGESPETH, JR.,

                Plaintiff,

      v.

BYRON BARTOW,
Director Wisconsin Resource Center;
and STEVEN WATTERS,
Director Sand Ridge Secure
Treatment Center,

                Defendants.

OPINION and ORDER

09-cv-246-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    In this proposed civil action brought pursuant to § 1983, plaintiff Raymond Hedgespeth, Jr., an individual admitted to the Wisconsin Resource Center under chapter 980, contends that defendants Byron Bartow and Steven Watters violated his rights under the First Amendment and Wisconsin Mental Health Act., Wis. Stat. § 51.61. Because plaintiff requested to proceed in forma pauperis, I screened his complaint pursuant to 28

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this opinion and order only, I am assuming jurisdiction over this case.

U.SC. § 1915 and allowed him to proceed on his First Amendment claim but stayed a decision on his state law claim because plaintiff had failed to allege whether he had filed a notice of claim as required by Wisconsin state law.  Wis Stat. § 893.82(3).

In response, plaintiff has filed an amended complaint in which he avers that he "filed numerous 'Notice of Claim and Injury' documents with the Attorney General's office." Although plaintiff has submitted no copies of these notices or any responses, at this stage it is sufficient that plaintiff alleges filing a notice of claim.  Therefore, I will screen plaintiff's state law claim.

Under Wisconsin's mental health act, any patient, including any individual who is admitted to a treatment facility in accordance with chapter 980, may bring an action against any person, including the state or any political subdivision that unlawfully denies a right provided under the act, even if the patient suffered no actual damages.  Wis. Stat. § 51.61(7)(a)(b).  Plaintiff alleges that defendants have violated the following "patients' rights" provided in the mental health act:

> (p) Have reasonable access to a telephone to make and receive telephone calls within reasonable limits.

> (q) Be permitted to use and wear his or her own clothing and personal articles, or be furnished with an adequate allowance of clothes if none are available. Provision shall be made to launder the patient's clothing.

> (r) Be provided access to a reasonable amount of individual secure storage space for his or her own private use.

2

(s) Have reasonable protection of privacy in such matters as toileting and bathing.

(t) Be permitted to see visitors each day.

***

(v) Have the right to use his or her money as he or she chooses, . . . A community mental health program or treatment facility shall give money of the patient to him or her upon request, subject to any limitations imposed by guardianship or representative payeeship, except that an inpatient facility may, as a part of its security procedures, limit the amount of currency that is held by a patient and may establish reasonable policies governing patient account transactions.

Wis. Stat. § 51. 61(1) (p)-(t), (v).

Plaintiff's allegations are quite simple. He alleges that both the Wisconsin Resource Center and Sand Ridge Secure Treatment Center maintain policies that deny him the ability to own a personal computer, electronic hardware for digital media conversion and access to the internet and restrict his ability to own CDs, DVDs or video games and watch any movie he desires. He has been granted leave to proceed on a First Amendment claim for denial of these items. The question is whether he can proceed on a state law claim for the alleged violation of the "patient's rights" outlined in Wis. Stat. § 57.61(1). The answer is no. Plaintiff has not shown that the items whose denial he is challenging are items to which he has any right under the state statute.

In addition, plaintiff seems to argue that because § 51.61(1)(v) gives him the right

3

to use his money as he chooses, defendants cannot prevent him from spending his money for computers, DVDs, video games or any other purchase he wishes to make.  Plaintiff is reading too much into the statutory provision.  Although it says that patients may use their money as they choose, it does not override institutional restrictions placed on the purchase of particular items.  Obviously, an institution can restrict a patient's rights to own certain objects such as harmful or dangerous objects like weapons.

Accordingly, plaintiff's state law claim that defendants violated Wis Stat § 51.61 (p)-(t) and (v) will be denied for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Raymond K. Hedgespeth, Jr.'s motion for leave to proceed in forma pauperis on his claim that defendants Byron Bartow and Steven Watters for violating rights under Wisconsin's Mental Health Act, Wis. Stat. § 51.61(1)(p)-(t) and (v), by denying him the ability to purchase a computer, electronic media storage devices, CDs, DVDs, video games and video game equipment as well as restricting his access to movies and the internet is DENIED.

2. This case will proceed on plaintiff's claim against defendants Bartow and Watters for violating his First Amendment rights as discussed in this court's July 13, 2009 order, dkt.

4

#10.

3.  Plaintiff should keep a copy of all documents for his own files.  If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

4.  For the remainder of this lawsuit, plaintiff must send respondents a copy of every paper or document that he files with the court.  Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants.  The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to respondent or to respondent's attorney.

5. Because I have dismissed one or more of plaintiff's claims for one of the reasons listed in 28 U.S.C. § 1915(g), a strike will be recorded against him.

6.  Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on defendants Bartow and Watters.  According to this agreement, defendants have 40 days from the date of receipt of the Notice of Electronic Filing of the order stating that the plaintiff can proceed against the defendants in which to answer the complaint.

Entered this 5th day of August, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

6