IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND K. HEDGESPETH, JR.,

            Plaintiff,                                   ORDER

    v.                                                           09-cv-246-slc

BYRON BARTOW,
Director Wisconsin Resource Center; and
STEVE WATTERS,
Director Sand Ridge Secure Treatment Center,

            Defendants.

---

In this proposed civil action for monetary and injunctive relief brought pursuant to 42 U.S.C. § 1983, plaintiff Raymond Hedgespeth, Jr., a civilly committed patient at Sand Ridge Secure Treatment Center, alleges that defendants Byron Bartow and Steven Watters have violated his rights under the First Amendment by denying him the ability to purchase a computer, a digital media converter, CDs, DVDs, video games and video equipment and denying him unrestricted access to use the internet and watch movies.  On July 13, 2009, Judge Crabb granted plaintiff leave to proceed on his First Amendment claim and denied his motion for a preliminary injunction because it did not comply with this court's procedures for obtaining a preliminary injunction and most of the allegations in plaintiff's motion were not related to the merits of his First Amendment case.  Dkt. 10.

Now before the court is plaintiff's motion for a preliminary injunction on the ground that he is being denied access to a computer, scanner and legal materials with which to research and prepare this case.  In his motion, plaintiff contends that he is being denied "access to the courts" because the law library at Sand Ridge Secure Treatment Center is only open for one hour per day, the law books are limited and he does not have enough time or money to make photocopies

of the cases that he needs. Plaintiff requests emergency injunctive relief in the form of a laptop computer provided by Sand Ridge, access to a scanner and unlimited time to do legal research and prepare documents for this case. Plaintiff's motion will be denied.

As an initial matter, plaintiff's motion does not comply with this court's *Procedure To Be Followed On Motions For Injunctive Relief*, which Judge Crabb attached to the July 13, 2009 order. Under these procedures, plaintiff must file with the court and serve on defendants proposed findings of fact supporting his claim, and each factual proposition must be supported with a citation to the source of that proposition, such as pleadings, affidavits, exhibits or deposition transcripts. Plaintiff has submitted one unsworn document entitled "Proposed Finding of Fact, Petition for Injunction" that contains several pages of case citations, but very few facts related to plaintiff's request for injunctive relief. The facts that are included are not supported by affidavits or other admissible evidence. Plaintiff's failure to follow the proper procedural rules is sufficient grounds to deny plaintiff's motion for injunctive relief. However, even if I were to consider plaintiff's submissions as sufficient, his motion would still be denied.

Many of the allegations in plaintiff's motion for a preliminary injunction are not related to the merits of his First Amendment claim. Plaintiff did not assert a claim of denial of access to the courts on the part of defendants Bartow and Watters in his complaint and he was not granted leave to proceed on such a claim. Thus, his contention that he is being deprived of his right of access to the courts is not properly raised in the context of this lawsuit. *Porco v. Trustees of Indiana University*, 453 F.3d 390, 394-95 (7th Cir. 2006) ("[I]t is well settled that a federal court 'has no authority . . . to declare principles or rules of law which cannot affect the matter in issue in the case before it.'").

The only exception to this rule is if a prisoner alleges that he is being physically prevented from prosecuting his lawsuit. Thus, if plaintiff had alleged facts from which an inference could be drawn that defendant Watters, as director of Sand Ridge, is physically preventing him from prosecuting his claim in this lawsuit, then I could consider an "access to courts" claim in the context of this lawsuit. However, plaintiff offers no evidence that he has been precluded from pursuing this lawsuit and his recent submissions to the court that cite extensively to case law and appear to be based on much legal research show that he is able to prosecute this lawsuit despite having limited computer and internet access. Further, it is unclear how defendant Bartow, as the director of Wisconsin Resource Center, could be responsible for denying plaintiff access to the courts, as plaintiff is currently confined at Sand Ridge.

The one matter in plaintiff's motion that is related to the First Amendment rights claims in his complaint is his allegation that he is being denied a personal computer and unfettered internet access. Plaintiff contends that Sand Ridge must purchase him a laptop computer and give him access to a scanner to remedy this violation of his First Amendment rights.

Plaintiff's allegations do not meet the exacting standard required to obtain a preliminary injunction. *Abbot Labs v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). In order to obtain emergency injunctive relief, plaintiff must show that (1) he has no adequate remedy at law and will suffer irreparable harm if the relief is not granted; (2) the irreparable harm he would suffer outweighs the irreparable harm defendants would suffer from an injunction; (3) he has some likelihood of success on the merits; and (4) the injunction would not frustrate the public interest. *Palmer v. City of Chicago*, 755 F.2d 560, 576 (7th Cir.1985); *Pelfresne v. Village of Williams Bay*, 865 F.2d 877, 883 (7th Cir. 1989). At the threshold, plaintiff must show some likelihood of

success on the merits of his First Amendment claim and that irreparable harm will result if the requested relief is denied. Plaintiff cannot meet this standard.

To show a likelihood of success on his First Amendment claim, plaintiff would have had to allege facts tending to show that there is no "valid, rational" connection between Sand Ridge's computer policy and a legitimate government interest, there are no alternative methods under the current computer policy in which plaintiff can exercise his First Amendment rights, there are alternative methods that would satisfy the government's interest and that plaintiff's assertion of his First Amendment rights would not have a significant affect on Sand Ridge staff, fellow patients and the institutional order. *Turner v. Safely*, 482 U.S. 78, 89-90 (1987). Plaintiff has not alleged facts addressing the *Turner* factors. Further, plaintiff has not alleged that irreparable harm will occur if defendant Watters does not provide him with a laptop.

Finally, although this court has granted plaintiff leave to proceed on his First Amendment claim relating to his ability to access and purchase with his own money computers, videos, CDs, DVDs and video games, there is no law that would require Sand Ridge, much less the individual defendants, to purchase a laptop for plaintiff. *Regan v. Taxation With Representation of Wash.*, 461 U.S. 540, 546 (1983) (rejecting the notion that First Amendment rights are somehow not fully realized unless they are subsidized by the state). Therefore, even if plaintiff had established that he was entitled to some sort of emergency injunctive relief, he would not have received the relief he requests.

To summarize, plaintiff's motion for a preliminary injunction does not comply with this court's procedures for obtaining a preliminary injunction, most of his allegations are not related

to the merits of his First Amendment case and he has not provided evidence establishing his entitlement to emergency injunctive relief.

ORDER

It is ORDERED that plaintiff Raymond Hedgespeth Jr.'s motion for preliminary injunction, dkt. 35, is DENIED.

Entered this 29th day of October, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge