IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND K. HEDGESPETH, JR.,

        Plaintiff,                                                  ORDER

v.                                                                      09-cv-246-slc

BYRON BARTOW,
Director Wisconsin Resource Center; and
STEVE WATTERS,
Director Sand Ridge Secure Treatment Center,

        Defendants.

---

Presently before the court is plaintiff's third motion for preliminary injunctive relief. In each of his earlier motions, plaintiff alleged that defendants were interfering with his access to the courts by not allowing him access to a computer and legal materials with which to research and prepare this case. In his third motion, plaintiff reiterates these same arguments and again asks the court to order staff at the Sand Ridge Secure Treatment Center to allow plaintiff to purchase and have unlimited access to a laptop computer. For the reasons expressed in my order of October 29, 2009, plaintiff's motion will be denied.

As plaintiff was previously told, his contention that he is being deprived of his right of access to the courts is not properly raised in the context of this lawsuit. Such a claim requires plaintiff to show that the alleged interference physically prevents him from prosecuting this lawsuit. Plaintiff receives 45 minutes of computer time each day and he is able to file papers with the court. Plaintiff did not meet this strict exception in the past, and he has not done so this time.

Additionally, plaintiff has not addressed the four factors as required by *Turner v. Safely*, 482 U.S. 78, 89-90 (1987). Plaintiff again fails to show likelihood of success on the merits or

Copy of this document has been provided to _____
this ___ day of Apr , 2010
by _____
C. A. Korth, Secretary to Magistrate Judge Crocker

demonstrate irreparable harm if the injunction does not issue. Therefore, plaintiff's motion for injunctive relief will be denied. Hereafter, plaintiff would be better served using his time to prepare his opposition to defendants' motions for summary judgment, which is due May 19, 2010.

One additional matter requires comment: plaintiff did not sign the document titled "Argument in Support of Petition for Injunction" as required by the Federal Rules of Civil Procedure. Under Rule 11(a), every pleading, motion and other paper filed with the court must be signed by the party if that party is not represented by counsel. "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Failure to comply with this rule, will result in the document being stricken in accordance with Rule 11(a).

ORDER

It is ORDERED that plaintiff's third motion for preliminary injunction, dkt. 54, is DENIED.

Entered this 23rd day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge